## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

BEATRICE APONTE,

Plaintiff,

v.

THE OAK BROOK CLUB ASSOCIATION,

Defendant.

Case No. 24-cv-8514

Judge April M. Perry

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this employment discrimination case alleging race-based discrimination under 42 U.S.C. § 1981 (Count I), race- and color- based discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") (Count II), race- and color-based harassment under Title VII (Count III), national origin-based discrimination under Title VII (Count IV), national origin-based harassment under Title VII (Count V), and retaliation under Title VII (Count VI). Doc. 1. Defendant now moves to dismiss Plaintiff's complaint in its entirety, arguing under Rule 12(b)(6) that the complaint fails to state a claim upon which relief can be granted. Doc. 9. For the following reasons, Defendant's motion is denied.

## BACKGROUND

Plaintiff has alleged that she is a member of multiple protected classes based upon the fact that she is a Hispanic Puerto Rican with brown skin. Doc. 1 ¶14. From September 2023 through July 2024, Plaintiff was employed as an administrative assistant for The Oak Brook Club Association ("the Association"). *Id*. at ¶ 12. She was supervised by the Property Manager for the Association, and as part of her job engaged with residents of the Association and co-workers, including one co-worker who was both the bookkeeper and Assistant Property Manager. *Id*. at ¶¶ 15-28. Plaintiff has alleged that one of the residents of the Association repeatedly gave her dirty looks, expressed her dislike of all "Spanish" people, stated that she did not want Plaintiff on the premises, and refused to interact with Plaintiff, insisting that someone else help her. *Id*. at ¶¶ 19-21. When Plaintiff tried to engage the help of the Property Manager, Plaintiff alleges that she was told "to avoid the resident by going upstairs or to the cafeteria whenever [the resident] was in the office." *Id*. at ¶¶ 28-29. When Plaintiff asked her supervisor why the supervisor would not do anything to stop the resident's behavior, Plaintiff's supervisor allegedly told Plaintiff that she "didn't want to deal with the resident." *Id*. at ¶ 30. Plaintiff also alleges that the Assistant Property Manager engaged in various forms of discrimination, including by not allowing employees to display flags from their countries of origin, stating that she "kept thinking" Plaintiff must be related to another co-worker because both were Hispanic, and engaging

Plaintiff in discussion about "immigrants…coming in and taking everything from us." *Id*. at ¶¶ 16-18, 26, 31-33. When Plaintiff pushed back on the commentary about immigrants, the Assistant Property Manager apparently did not take it well. *Id*. ¶¶ 32-33. Within two months of her complaint about the resident and two weeks of her disagreement with the Assistant Property Manager, Plaintiff was terminated. *Id*. at ¶ 34. The stated basis for the termination was that an unknown employee had complained that Plaintiff was taking calls using a speaker phone. *Id*.

## ANALYSIS

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). The Court will dismiss a complaint only "when the plaintiff can prove no set of facts in support of his or her claim that would entitle the plaintiff to relief." *Jang v. A.M. Miller & Assoc.*, 122 F.3d 480 (7th Cir. 1997).

Defendant's challenges to the complaint can be grouped into two categories: (1) Plaintiff has not alleged facts sufficient to support a finding of severe and pervasive discrimination that would create a hostile or abusive work environment; and (2) Plaintiff fails to allege that she reported any discrimination to the Association such that a finding of employer liability or employer retaliation would be supported. *See* Doc. 9. The Court begins by noting that Defendant's arguments depend on a reading of the complaint that the Court does not adopt. Specifically, several incidents of alleged discriminatory conduct are outlined in paragraphs fifteen through twenty-seven of the complaint. Doc. 1 ¶¶ 15-27. Plaintiff then alleges in paragraph twenty-eight that "[t]he plaintiff reported this to her supervisor." *Id*. at ¶ 28. Defendant infers from "this" that Plaintiff only reported to her supervisor the conduct alleged in the immediately preceding paragraph. But the Court must draw all reasonable inferences in Plaintiff's favor, and therefore the Court reads "this" to refer to Plaintiff having informed her supervisor about all of the conduct alleged prior to paragraph 28. As is explained in more detail below, this interpretation is key to the survival of Plaintiff's claims.[1]

With respect to the first argument, Defendant asserts that Plaintiff's allegations of discrimination are not persistent or serious enough to support a claim under 42 U.S.C. § 1981 or Title VII. To support an employment discrimination claim, a plaintiff must show more than isolated inappropriate or offensive acts in the workplace – the discrimination must be severe and pervasive such that it creates a hostile and abusive working environment. *Mason v. Southern Ill.*

---

[1] Should the facts adduced in discovery demonstrate that the only act of "discrimination" of which Defendant was aware or reasonably should have been aware was a single incident of a resident yelling at Plaintiff and using foul language, the Court agrees that an employment discrimination cause of action likely would be legally unsupportable.

*Univ. at Carbondale*, 233 F.3d 1036, 1043 (7th Cir. 2000); *see also McGowan v. Deere & Co*., 581 F.3d 575, 579 (7th Cir. 2009) (noting that "although section 1981 and Title VII differ in the types of discrimination they proscribe, the methods of proof and elements of the case are essentially identical"). The Seventh Circuit has held that "repeated incidents of verbal harassment that continue despite the employee's objections are indicative of a hostile environment." *Shanoff v. Ill. Dep't of Human Servs*., 258 F.3d 696, 704 (7th Cir. 2001).

In this case, Plaintiff alleges in her complaint several instances of potentially discriminatory conduct engaged in by a resident of the Association as well as the Assistant Property Manager. According to the complaint, the Association resident repeatedly expressed her dislike of all "Spanish" people, stated that she did not want Plaintiff on the premises, and refused to interact with Plaintiff, insisting that someone else help her. Doc. 1 at ¶¶ 19-21. Interactions where Plaintiff would offer to help the resident and the resident would say, "ugh, no, nothing from you. Can I have someone else," were described as "routine." *Id*. at ¶ 20. According to Plaintiff, when she told her supervisor about the problems she was having with the resident, her supervisor responded by telling Plaintiff to leave the office whenever the resident was there. *Id*. at ¶¶ 28-29. Needless to say, an employer telling an employee that they need to leave their workspace in order to avoid routine hostility based upon race, color, or national origin could be considered to create a hostile work environment. *Chaney v. Plainfield Healthcare Center*, 612 F.3d 908, 913 (7th Cir. 2010) ("It is now widely accepted that a company's desire to cater to the perceived racial preferences of its customers is not a defense under Title VII for treating employees differently based on race.") This is especially true when added to the conduct of the Assistant Property Manager, who is alleged to have engaged in at least three incidents of conduct demonstrating hostility to those in protected classes. *Id*. ¶¶ 16-18, 26, 31-33 (refusing to allow display of a Dominican flag; assuming people are related solely because they are Hispanic; disparaging complaints to Plaintiff about immigrants). At this early stage of the proceedings, the Court believes that Plaintiff has adequately pled facts sufficient to support a hostile and abusive working environment based upon race or color and national origin.

The Court also finds that Plaintiff's complaint adequately pleads a claim of employer liability and employer retaliation. Employer liability under Title VII "can be imposed when the harassment is committed by co-workers or by third parties. *Lapka v. Chertoff*, 517 F.3d 974, 984 n. 2 (7th Cir. 2008) (internal citations omitted). However, if the harassment is not committed by a plaintiff's supervisor, the employer must be negligent either in discovering or remedying the harassment to be held liable. *Johnson v. Advocate Health and Hospitals Corp*., 892 F.3d 887, 904 (7th Cir. 2018). To adequately plead a retaliation claim under Title VII, a plaintiff must "allege that she engaged in statutorily protected activity and was subjected to adverse employment action as a result of that activity." *Luevano v. Wal-Mart Stores, Inc*., 722 F.3d 1014, 1029 (7th Cir. 2013). The plaintiff need not "present proof of a causal link between the protected expression…and the adverse employment action." *Id*.

As is discussed above, Plaintiff alleges in her complaint several instances of potentially discriminatory conduct engaged in by an Association resident which Plaintiff shared with her supervisor. Meanwhile, Plaintiff has also alleged a series of arguably discriminatory actions engaged in by the Assistant Property Manager, culminating in a disagreement about whether immigrants were "taking everything." Within two months of her reporting the resident's conduct and two weeks of her pushing back against the Assistant Property Manager's arguably discriminatory statements, Plaintiff alleges that her employment was terminated. Doc. 1 at ¶ 34.

Given that it is not necessary at this time for Plaintiff to be able to prove a causal link between her complaints to her supervisor or her dispute with the Assistant Property Manager and her job termination, these allegations are sufficient to support a claim for employer liability and retaliation.

For these reasons, the Motion to Dismiss [9] is denied. Defendant's Answer to the complaint is due by February 18, 2025.

Entered: 1/28/2025

_April M Perry_

United States District Judge